# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# IN ADMIRALTY

SECURIAN CASUALTY COMPANY,

          Plaintiff,

v.                                  Case No. 13-CV-798

MARKEL AMERICAN INSURANCE COMPANY,

          Defendant.

## OPINION AND ORDER

**I.**    **Facts and Procedural History**

In 2005, Orestes Fernandez, Jr. purchased a speedboat, a 2005 Black Hawk USA Sea Hawk, relying in part upon financing from Eastern Financial Florida Credit Union. (ECF Nos. 1, ¶¶ 3, 8, 9; 30, ¶ 1.) The boat was insured by Markel American Insurance Company for the year beginning June 12, 2007, and Eastern Financial was identified as the lienholder. (ECF Nos. 1, ¶¶ 11, 12; 30, ¶¶ 3, 5.) Eastern Financial was named a "Loss Payee" on the declarations page of the policy. (ECF Nos. 1, ¶ 13; 30, ¶ 6.) The boat was stolen in February 2008 and subsequently recovered stripped of its equipment, leading

Fernandez to file a claim with Markel. (ECF Nos. 1, ¶¶ 14, 15; 30, ¶ 9; *see also Markel American Insurance Company v. Fernandez*, 09-cv-20449-ASG (Feb. 23, 2009, S.D. Fla.).)

Markel filed an action in the United States District Court for the Southern District of Florida seeking a declaration that it was not obligated to pay under the policy as a result of misrepresentations made by Fernandez in his insurance application. (ECF No. 30, ¶¶ 12-13); *Fernandez*, 09-cv-20449-ASG (S.D. Fla. Feb. 23, 2009), ECF No. 1; *Fernandez*, 09-cv-20449-ASG (S.D. Fla. July 20, 2010), ECF No. 40 at 3. Fernandez filed a counterclaim against Markel for its denial of coverage. (ECF Nos. 1, ¶ 15; 30, ¶ 14); *see also Fernandez*, 09-cv-20449-ASG (S.D. Fla.). After the court denied Markel's motion for summary judgment on the basis that Markel failed to introduce any evidence that the omission of a prior claim on Fernandez's application was material to Markel's decision to insure the vessel, *Fernandez*, 09-cv-20449-ASG (S.D. Fla. July 20, 2010), ECF No. 40 at 6-7, Markel and Fernandez settled their dispute for $35,000.00 (ECF Nos. 1, ¶ 16; 30, ¶ 17).

Eastern Financial was not notified of the loss of the vessel, the subsequent litigation, or the settlement between Markel and Fernandez. Only after Fernandez stopped making its loan payments in 2011 did Eastern Financial learn that the vessel had been stolen and that Markel had settled the insurance claim with Fernandez. (ECF Nos. 1, ¶¶ 17, 18, 19; 30, ¶ 18.) Eastern Financial was left with over $61,000.00 owed on a loan for which there was no longer any collateral and with regard to which the

insurance claim had already been settled. As a result, Eastern Financial submitted a claim to its insurer, Securian Casualty Company, who provided collateral protection insurance coverage for Eastern Financial. (ECF No. 30, ¶ 19-20.) Securian paid $61,479.48 to Eastern Financial (technically, to its successor) for the loss. (ECF Nos. 1, ¶ 20; 30, ¶ 20.)

Securian, as subrogee of Eastern Financial, filed the present action against Markel to recover the amount paid to Eastern Financial on the theory that Markel breached the insurance contract when it paid the settlement to Fernandez rather than to Eastern Financial as the designated loss payee. (ECF No. 1, ¶¶ 21-27.) Both parties have moved for summary judgment (ECF Nos. 22, 27) and their motions are ready for resolution. All parties consented to having a magistrate judge enter final judgment in this action. (ECF Nos. 16, 17.)

The court has subject matter jurisdiction under 28 U.S.C. § 1333 and U.S. Const. Art. III, sec. 2, cl. 1, because this action relates to a marine insurance contract and therefore falls under the court's admiralty jurisdiction. *See Catlin (Syndicate 2003) at Lloyd's v. San Juan Towing & Marine Servs.*, 946 F. Supp. 2d 256, 260 (D.P.R. 2013); *Molina v. TL Dallas (Special Risks) LTD*, 547 F. Supp. 2d 102, 109 (D.P.R. 2008). Venue is proper under 28 U.S.C. § 1391(b)(1).

## II. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it "might affect the outcome of the suit" and a dispute is "genuine" only if a reasonable finder of fact could accept the non-moving party's position and return a verdict in its favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In resolving a motion for summary judgment, the court is to "construe all evidence and draw all reasonable inferences from that evidence in" favor of the non-movant. *E.Y. v. United States*, 758 F.3d 861, 863 (7th Cir. 2014) (citing *Gil v. Reed*, 535 F.3d 551, 556 (7th Cir. 2008); *Del Raso v. United States*, 244 F.3d 567, 570 (7th Cir. 2001)). The "court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007) (quoting *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003)). To defeat a motion for summary judgment, a nonmoving party must produce admissible evidence sufficient to enable a reasonable finder of fact to return a verdict in its favor. *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 603 (7th Cir. 2012) (quoting *Berry v. Chi. Transit Auth.*, 618 F.3d 688, 690-91 (7th Cir. 2010)). The parties agree that federal admiralty and Florida law apply to the present dispute. (*See* ECF No. 28 at 6, fn. 3.)

**III.     Analysis**

It is Markel's position that, notwithstanding its acknowledged error in failing to name Eastern Financial as a defendant in the Florida declaratory judgment action, Securian cannot recover in the present action because a loss payee has no greater rights than those of the named insured. Markel contends that the named insured, Fernandez, had no rights under the policy because the policy was void at its inception due to Fernandez's misrepresentations on the application. Securian, on the other hand, argues that its right to recover does not depend upon the validity of the insurance policy but rather arises from Markel's error in failing to pay the settlement of the claim to the loss payee under the policy.

As a simple loss payee under the insurance policy, Eastern Financial, and thus Securian as its subrogee, has standing to bring the present action against Markel. *See DeMay v. Dependable Ins. Co.*, 638 So. 2d 96, 97 (Fla. Dist. Ct. App. 1994) (citing *Community Bank of Homestead v. Am. States Ins. Co.*, 524 So.2d 1154 (Fla. Dist. Ct. App. 1988); *Leasing Service Corp. v. Am. Motorist Ins. Co.*, 496 So.2d 847 (Fla. Dist. Ct. App. 1986)). As a simple loss payee Securian's rights under the insurance policy are no greater than those of the insured. *Fla. Marine Towing v. United Nat'l Ins. Co.*, 686 So. 2d 711, 714 (Fla. Dist. Ct. App. 1997); *Demay v. Dependable Ins. Co.*, 638 So. 2d 96 (Fla. Dist. Ct. App. 1994) (citing 10A Mark S. Rhodes, *Couch On Insurance* 2d § 42:682, at 723-24 (rev. ed. 1982)); 6-62 *Appleman on Insurance* § 62.08[4][b].

The insurance policy was void at its inception due to the insured's material misstatements on the application. Under the doctrine of *uberrimae fidei*, parties to a maritime insurance contract must accord each other the "utmost good faith." *Certain Underwriters at Lloyd's, London v. Giroire*, 27 F. Supp. 2d 1306, 1311 (S.D. Fla. 1998); *see also Sun Mut. Ins. Co. v. Ocean Ins. Co.*, 107 U.S. 485, 510-11 (1882); *State Nat'l Ins. Co. v. Anzhela Explorer*, 812 F. Supp. 2d 1326, 1351 (S.D. Fla. 2011) (citing *Steelmet, Inc. v. Caribe Towing Corp.*, 747 F.2d 689, 695 (11th Cir. 1984)). This duty requires that the applicant "voluntarily and accurately disclose to the insurance company all facts which might have a bearing on the insurer's decision to accept or reject the risk." *Giroire*, 27 F. Supp. 2d at 1311 (citing *Jackson v. Leads Diamond Corp.*, 767 F. Supp. 268 (S.D. Fla. 1991)). If the applicant misrepresents or fails to disclose information that is material to the insurer's risk, the contract is void. *Id.* at 1312. Indeed, the application here explicitly warned Fernandez of his obligation to disclose information that might influence Markel's decision to offer coverage and stated that the "[f]ailure to do so may render the insurance voidable from inception…." (ECF No. 29-3 at 3.)

On the insurance application, when asked if he had any insurance losses or claims in the past, Fernandez checked the box for "Yes." (ECF No. 29-3 at 2.) The question continued: "If yes, please describe in detail with dates and amounts." (ECF No. 29-3 at 2.) On the line below is written, "NOV 1995 WATER DAMAGE $35,000.00." (ECF No. 29-3 at 2.) Fernandez also stated that he had not had any automobile driving

6

tickets in the past three years and that he had never had insurance refused or cancelled. (ECF No. 29-3 at 3.) All of these statements were untrue. Fernandez's prior insurance claim was in 2005, not 1995, and was for $130,000.00 (ECF No. 23, ¶¶ 28, 39) but settled for $35,000.00 (ECF No. 23, ¶ 30). That prior insurer then refused to renew his insurance. (ECF No. 23, ¶ 41.) Fernandez also had three speeding citations in the year before the application. (ECF No. 23, ¶ 40.)

These facts were material to Markel's decision to issue the policy to Fernandez. According to Markel's managing director for marine insurance, if Markel had known the truth with respect to any of these false statements, it would not have issued the policy to Fernandez. (ECF No. 25, ¶¶ 18, 21, 24.) Securian has presented no evidence that calls into question the veracity of Markel's managing director's statements. Contrary to Securian's assertion otherwise (*see* ECF No. 32 at 9-10), it is thus undisputed that Fernandez's misstatements were material to Markel's decision to issue the policy. Because the policy was premised upon a material misrepresentation by the insured, the policy was void at its inception.

As a simple loss payee, the rights of Eastern Financial, and thus its subrogee Securian, are derivative of Fernandez's rights. Because Fernandez lacked any rights under the void insurance policy, Securian likewise has no rights. That would seem to be the end of the analysis. But Securian argues that Markel's payment of $35,000 to Fernandez to settle the Florida lawsuit (when it was aware of the misrepresentations)

7

was a breach of a contract that existed between Markel and Eastern Financial (and, thus, Securian) as loss payee under the policy.

Specifically, it is Securian's position that, by virtue of the insurance policy naming Eastern Financial as the loss payee, a contractual relationship existed between Markel and Eastern Financial that Markel breached when it paid the settlement to Fernandez rather than Eastern Financial. (ECF No. 1, ¶¶ 21-26.) Although there is some authority indicating that payment by an insurer directly to an insured rather than to the loss payee may result in the insurer being liable to the loss payee, *see Wunschel v. Transcon. Ins. Co.*, 839 P.2d 64 (Kan. Ct. App. 1992), that is in the context of a valid insurance policy. Securian has not directed the court to any authority that suggests that an insurer choosing to settle a claim under a void policy may be held liable for not paying the loss payee as set forth in the void policy.

Because the insurance policy was void at its inception, there was no contract for Markel to breach—either as it relates to Fernandez or Eastern Financial. Markel's payment to Fernandez to settle the Florida lawsuit does not change this fact. Settlement payments are made for all sorts of reasons unrelated to merits of any particular party's claim—not the least of which includes avoiding the time and expense of litigation. But Markel's payment to Fernandez did not result in the creation of rights that Eastern Financial never had under the void insurance policy.

Breach of contract is the only claim contained in Securian's complaint. For the reasons set forth above, the court concludes that Securian's motion for summary judgment must be denied and Markel's cross-motion granted with respect to Securian's complaint.

However, that leaves the matter of Markel's counterclaim whereby Markel seeks a declaration that the insurance policy is void, that Securian has no greater rights than those of the named insured, and that the policy does not afford coverage for the incident. The only point that Securian makes with regard to Markel's counterclaim is that the doctrine of unclean hands bars Markel from obtaining the relief it seeks in its counterclaim. (ECF No. 32 at 7-9.) The court understands Securian to be arguing that Markel cannot rely upon the contract's invalidity to defeat Securian's claim that Markel breached the contract because Markel comes to court with unclean hands, having allegedly breached the contract itself by failing to include Eastern Financial as a party in the Florida lawsuit.

The doctrine of unclean hands is a narrow doctrine that prevents a party from profiting from its own fraud or wrongdoing. *Leila Corp. of St. Pete v. Ossi*, 138 So. 3d 470, 473 (Fla. Dist. Ct. App. 2014) (quoting *Yost v. Rieve Enters., Inc.*, 461 So. 2d 178, 184 (Fla. Dist. Ct. App. 1st Dist. 1984)). However, an alleged breach of contract does not amount to unclean hands. *Cong. Park Office Condos II, LLC v. First-Citizens Bank & Trust Co.*, 105 So. 3d 602, 610 (Fla. Dist. Ct. App. 2013) ("A failure to comply with the material terms of

a loan document may be a breach of contract, and it may not be nice, but it does not amount to unclean hands."). Securian's claim that Markel breached the insurance contract (a claim the court has rejected) cannot be turned into an unclean hands defense in response to Markel's counterclaim.

**IT IS THEREFORE ORDERED** that Securian's motion for summary judgment (ECF No. 27) is **denied**.

**IT IS FURTHER ORDERED** that Markel's motion for summary judgment (ECF No. 22) is **granted**. Securian's complaint is dismissed. With respect to Markel's counterclaim, declaratory judgment in favor of Markel shall be granted as follows:

- Policy No. YH 5065166-60 is void for misrepresentations and/or for non-disclosures of material fact;

- Securian as the subrogee or successor in interest to a simple loss payee has no greater rights than the named insured under Policy No. YH 5065166-60.

- Policy No. YH 5065166-60 does not afford any coverage in any amount to Securian regarding the incident referenced in the complaint in this action.

The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 22nd day of January, 2015.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge